IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DION A. BECKER,

    Plaintiff,

    v.                                         No. CIV 11-0748 JP/WPL

ALISHA A. MAESTAS,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Defendant Maestas is a New Mexico assistant district attorney.  The complaint alleges that in a state criminal proceeding, Defendant "utiliz[ed] fraud, legal fraud tactics" to obtain a conviction against Plaintiff.  The crux of the claim is that Defendant allegedly presented statements by certain law enforcement officers that were contradicted by statements of others.  Defendant allegedly withheld the possibly exculpatory conflicting evidence.  Plaintiff contends that Defendant's actions deprived him of a variety of legal and constitutional protections.  For relief, the complaint asks for damages and an order disbarring Defendant.

No relief is available on Plaintiff's complaint under 42 U.S.C. § 1983, because assistant district attorney Maestas is immune to Plaintiff's claims.  In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  "[A]cts undertaken by a prosecutor . . . which occur in the course of h[er] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Plaintiff's allegation "that [Defendant] failed to provide . . . evidence . . . concerns an act that is 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Romero v. Boulder County DA's Office*, 87 F. App'x 696, 697 (10th Cir. 2004) (other citations omitted).  Under these decisions, Defendant Maestas clearly enjoyed absolute immunity in undertaking Plaintiff's criminal prosecution.  The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE